SUMNER PRATT *vs.* R. G. CUNLIFF.

Although one who has been summoned as trustee of a firm has appeared and been charged upon his answer, *scire facias* will not lie against him, if the judgment against the principal defendants is invalid for want of service upon one of them.

SCIRE FACIAS against the trustee in a trustee process instituted by the plaintiff against George B. Harris, Stephen Gould and Edward Gould, partners under the firm of George B. Harris & Co.

It was agreed in the superior court that, at the time of the commencement of the trustee process and for several months prior thereto, Stephen Gould lived in the State of Rhode Island, and that the only service made upon him was by leaving a copy of the writ at his former place of abode in Massachusetts. The trustee appeared at the second term and made answer, upon which he was afterwards charged as trustee, and judgment was rendered against him, and against Stephen and Edward Gould, the action having been discontinued against Harris. Execution was taken out, and a demand made upon the trustee.

Upon these facts, judgment was rendered for the defendant and the plaintiff appealed to this court.

*H. Williams*, for the plaintiff.

*G. F. Verry*, for the defendant.

DEWEY, J. This case falls within the principle established by this court in *Thayer* v. *Tyler*, 10 Gray, 164. In that case the judgment was entered the first term upon the default of the principal defendant and the trustee, and it was held that upon *scire facias* the trustee might insist in bar of the action against him that the judgment against the principal defendant was invalid. In the present case the default of the principal defendants was entered at the second term, and after an appearance had been entered for the trustee, but before any legal service had been made upon Stephen Gould, one of the defendants, who resided in Rhode Island. The trustee, by thus entering his appearance and filing an answer, estopped himself from denying a

proper service on himself. But as to his right to deny˙the validity of the judgment rendered against the principal defend-ants, the case does not seem to differ in principle from the case of *Thayer* v. *Tyler.* It would have been equally competent at the second term as at the first, for the plaintiff in the action to obtain an order of the court for a continuance of the case, and for notice to the principal defendants to appear at a subsequent term, and the trustee might properly assume that the plaintiff would do so. In this state of the action the trustee was not bound to move the dismissal of the action for want of service on the principal defendants, and he may on the *scire facias* raise this objection to the validity of the judgment thus rendered against them.

The judgment against Stephen Gould being invalid, no suffi-cient service of the writ having been made or any notice of the action having been legally given to him, the present defendant may avail himself of that matter in his defence.

*Judgment for the defendant.*